[No. 14751.    Department One.    August 27, 1918.]

# PAUL WOLFIN, *Respondent,* v. SHAFER BROTHERS LAND COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—NONDELEGABLE DUTIES —FELLOW SERVANTS. Where an employee was ordered into an elevator shaft to dislodge a piece of lumber, it is the nondelegable duty of the master to protect him from injury by the descent of an elevator operated by a fellow servant, and the failure of the servant outside the shaft directing the plaintiff's work to take the necessary precautions is the negligence of the master, making the law of fellow servants inapplicable.

SAME—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Where an employee was ordered into an elevator shaft to dislodge a piece of lumber, it was not contributory negligence, as a matter of law, for him to enter the shaft without inquiring whether the necessary precautions had been taken to guard against the descent of an elevator which had remained stationary at one of the top floors during the work.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 16, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.

*Frank E. Hammond,* for respondent.

FULLERTON, J.—This is an action for personal injuries brought by the respondent against the appellant. At the time the accident which gave rise to the action occurred, the appellant owned and operated a six-story office building situated in the city of Seattle. The respondent was then an employee of the appellant, working in the building under the direction and control of the janitor of the building, also an employee of the appellant. On the day of the accident, the janitor desired to move some lumber then in the base-

[1]Reported in 174 Pac. 650.

ment of the building to one of the upper floors, and directed the respondent to assist him. The respondent was operating one of the elevators, of which there were two in the building running in shafts constructed side by side. The elevator shaft in which the elevator operated by the respondent ran extended from the basement to the top floor of the building. The other shaft did not start from the basement, but from the main floor of the building, the floor immediately above the basement. The lumber was too long to be put in the cage of the elevator, and, to carry it, had to be placed on the top of the elevator cage. To get it on top of the cage it had to be first passed through the elevator shaft from the basement to the main floor. While engaged in this work, the janitor being in the basement passing the lumber and the respondent on the main floor receiving it, a piece of the lumber in some manner became lodged in the adjoining elevator shaft, and the janitor directed the respondent to enter the shaft and remove it. While in the shaft removing the plank, the other elevator, operated by another employee of the appellant, was brought down upon the respondent, causing the injuries for which he sues.

The first contention of the appellant is that the respondent was injured through the act of a fellow servant and not of a vice principal. The argument is that the respondent and the janitor were with reference to the particular work fellow servants, and that any order given by the one to the other relating thereto was a mere detail of the work, no more binding upon the master than it would have been had the positions of the parties to the work been changed and the respondent had directed the janitor to enter the elevator cage and remove the lodged piece of lumber. In other words, the argument is that the situation is no different from what it would have been had the master

directed two of its servants of equal degree of authority to do the particular work, leaving to the servants the manner of its execution, and one of them had assumed to give directions to the other which resulted in that other's injury. But we cannot think the principle contended for is applicable to the situation here shown. It may be that, had the respondent been injured by the manner in which the work was performed, as for example, by the neglect of some precaution on the part of the janitor while passing the lumber to the respondent, no liability would have attached to the principal. But the accident did not occur by reason of negligence in this respect. The lodging of a plank in the other elevator introduced a new condition, adding an element of danger not connected with the immediate work. The safety of the respondent while in the shaft depended not upon the manner in which the janitor might receive or handle the board when dislodged, but upon the performance of another and independent duty arising out of the exigencies of the case, namely, the duty of so conducting the operation of the elevator that it would not descend upon the respondent while in the elevator shaft. This was a duty devolving upon the janitor outside of and apart from the scope of the immediate work; and his failure as the master's representative to take the necessary precautions was not only negligence on the part of the janitor, but negligence chargeable to the master, on the principle that it is the master's nondelegable duty to provide his servant with a reasonably safe place in which to work, as well as his nondelegable duty to see that his servants are not subjected to unnecessary and preventable hazards.

In sustaining the judgment of the trial court it is not necessary to deny, nor do we deny, the principle announced in the cases of *Desjardins v. St. Paul &*

*Tacoma Lumber Co.,* 54 Wash. 278, 102 Pac. 1034, 132 Am. St. 1140, and *Frengen v. Stone & Webster Engineering Corporation,* 66 Wash. 204, 119 Pac. 193, relied upon by the appellant. Those were cases where the injured servant and the immediate representative of the master were engaged in a common undertaking, and the injury arose from a neglect in the manner of its performance. We held that the representative of the master and the injured servant were fellow servants with reference to the particular work causing the injury. The present case, as we conclude, does not present a like condition.

The other contention is that the respondent was guilty of contributory negligence. This contention is founded on the claim that the respondent entered the elevator shaft with the knowledge that no precaution had been taken to stop the operation of the elevator while he might be engaged in the shaft. But we cannot think the record justifies this conclusion. The most that appears is that he did not stop to so inquire after he had been directed to enter the shaft. It was not shown that he knew no such precaution had been taken. On the contrary the inference is the other way, since it appeared that the elevator had remained stationary at one of the top floors during the time of the work prior to the injury. The question whether the appellant was guilty of contributory negligence was therefore one of fact for the jury rather than one of law for the court.

The judgment is affirmed.

MAIN, C. J., MITCHELL, TOLMAN, and PARKER, JJ., concur.